UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

RONALD EDWARD MANN,            )
                              )
            Plaintiff         )
                              )
      v.                      )       2:26-cv-00068-LEW
                              )
DIANE SMALL & JULIE,[1]        )
                              )
            Defendants        )

**RECOMMENDED DECISION AFTER REVIEW OF COMPLAINT**

Plaintiff alleges several complaints against Defendants related to his housing.

Defendants are alleged to be employess of the Sanford Housing Authority. (Complaint,

ECF No. 1.)

Plaintiff also filed a motion to proceed without prepayment of fees and costs, which

motion the Court granted.  (Motion, ECF No. 4; Order, ECF No. 5.)  In accordance with

the statute that governs claims in which a party is relieved of the obligation to pay the filing

fee, a preliminary review of Plaintiff's complaint is appropriate.  28 U.S.C. § 1915(e)(2).

After a review pursuant to 28 U.S.C. § 1915, I recommend the Court dismiss

Plaintiff's complaint.

**LEGAL STANDARD**

The governing statute, 28 U.S.C. § 1915, is designed to ensure meaningful access

to the federal courts for those persons unable to pay the costs of bringing an action.  When

---

[1] Plaintiff did not provide Julie's last name.  He referred to Julie as a Sanford Housing Authority employee.

a party is proceeding under the statute, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "The relevant question ... in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed *in toto* to render plaintiffs' entitlement to relief plausible.'" *Rodríguez–Reyes v. Molina–Rodríguez,* 711 F.3d 49, 55 (1st Cir. 2013) (quoting *Twombly,* 550 U.S. at 569 n. 14).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the complaint may not consist entirely of "conclusory allegations." *Young v. Wells Fargo, N.A.*, 717 F.3d 224, 231 (1st Cir. 2013). *See also Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980) (explaining that the liberal standard applied to the pleadings of pro se

2

plaintiffs "is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim").

### FACTUAL ALLEGATIONS

Plaintiff alleges that as part of his rent, Defendants improperly charged him an additional fee for his cat. Plaintiff maintains that the fee was unlawful because his cat is a service cat related to his mental health. He also asserts that Defendants used his mental illness to change the terms of his lease multiple times within one year. Plaintiff further alleges that he was falsely accused of smoking in violation of the applicable rules and that someone entered his apartment without permission. Plaintiff asserts that Defendants' actions violate the Fair Housing Amendments Act (FHA).

### DISCUSSION

Broadly stated, the FHA prohibits those involved in the business of buying, selling, or renting housing from discriminating based on race, color, religion, sex, disability, familial status, and national origin. 42 U.S.C. §§ 3603–3605. While Plaintiff referenced the FHA and alleged that he has a mental illness, Plaintiff has not alleged facts from which a factfinder could conclude that Defendants violated his rights under the FHA. For instance, Plaintiff has not alleged with sufficient specificity the alleged conduct of each defendant and or facts that would support a finding that each defendant acted unlawfully due to Plaintiff's mental illness. In sum, Plaintiff's complaint consists principally of conclusory allegations or factual allegations that do not support a specific cause of action. The pleading rules "demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). "A pleading that offers labels

3

and conclusions or a formulaic recitation of the elements of a cause of action will not do."

*Id.* Accordingly, dismissal is warranted.

## CONCLUSION

After review of Plaintiff's filings pursuant to 28 U.S.C. § 1915(e)(2), for the reasons explained herein, I recommend the Court dismiss Plaintiff's complaint.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 12th day of June, 2026.

4